UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Fort Lauderdale Division
Case No. _____

FRANCIA TOUSSAINT,

    Plaintiff,
v.

THERAPIES 4 KIDS, INC., a Florida
corporation, and EILEEN DE OLIVIERA,
an individual,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, FRANCIA TOUSSAINT, by and through undersigned counsel, and sues Defendants, THERAPIES 4 KIDS, INC. and EILEEN DE OLIVIERA, and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, FRANCIA TOUSSAINT, brings this action against Defendants to recover unpaid minimum and overtime wages owed by Defendants to Plaintiff pursuant to Plaintiff's employment agreement with the Defendants.

2. Jurisdiction is conferred on this Court by the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 206 and 207.

3. Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern

District of Florida; because the unlawful employment practices that give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendants are subject to personal jurisdiction herein.

4. At all times material hereto, Plaintiff has been a citizen and resident of Broward County, Florida.

5. At all times material hereto, Defendant, THERAPIES 4 KIDS, INC. ("T4K"), was Plaintiff's employer as defined by law and a corporation conducting business in this judicial district.

6. At all times material hereto, T4K had employees engaged in commerce or in the production of goods for commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce by a person. 29 U.S.C. §203.

7. At all times material hereto, T4K, upon information and belief, had revenue in excess of $500,000.00 per annum.

8. At all times material hereto, Plaintiff was individually engaged in commerce while working for the Defendant.

9. At all times material hereto, Defendant, EILEEN DE OLIVIERA ("EDO"), was Plaintiff's employer as defined by law.

10. All conditions precedent have occurred or have been waived.

11. Plaintiff has engaged the undersigned attorney and is entitled to recover her attorneys' fees from the Defendants.

**COUNT 1: FLSA RECOVERY OF OVERTIME WAGES**

12. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 11 above as if fully set forth herein.

13. Plaintiff worked for Defendants from approximately May 2015 to March 2020.

14. Initially, Plaintiff worked for Defendant as a behavioral therapist. Around July 2016, the Plaintiff became a lead ABA therapist and towards the end of December 2017, the Plaintiff became a Program Coordinator.

15. As Program Coordinator, Plaintiff's primary duties and responsibilities included assisting with running the clinic, training staff, conducting social pragmatic groups, assisting analysts with assessments, writing behavior intervention plans, reviewing therapists' notes, and reviewing monthly data for all clients.

16. The Defendant agreed to pay the Plaintiff $48,000.00 per year, or $23.07 per hour.

17. On average, Plaintiff worked 60 hours per week but Defendants did not compensate Plaintiff at all for the 20 hours of overtime per week.

18. During one or more workweeks, Defendants did not pay Plaintiff overtime wages for all overtime hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

19. Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

20. By reason of the intentional, willful and unlawful acts of the Defendants, Plaintiff has suffered damages.

21. Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

**COUNT II: FLSA RECOVERY OF UNPAID WAGES**

22. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 11 above as if fully set forth herein.

23. Plaintiff worked for Defendants from approximately May 2015 to March 2020.

24. Initially, Plaintiff worked for Defendants as a behavioral therapist. Around July 2016, the Plaintiff became a lead ABA therapist and towards the end of December 2017, the Plaintiff became a Program Coordinator.

25. As Program Coordinator, Plaintiff's primary duties and responsibilities included assisting with running the clinic, training staff, conducting social pragmatic groups, assisting analysts with assessments, writing behavior intervention plans, reviewing therapists' notes, and reviewing monthly data for all clients.

26. The Defendant agreed to pay the Plaintiff $48,000.00 per year, or $23.07 per hour.

27. On average, Plaintiff worked 60 hours per week, but the Defendants only compensated Plaintiff for 35 hours per week. More specifically, the Defendants automatically deducted an hour every day from Plaintiff's hours worked for a lunch break despite the fact that Plaintiff rarely took a lunch break, and, when she did, her lunch break was never a full hour.

28. During one or more workweeks, Defendants did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

29. Plaintiff was unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

30. By reason of the intentional, willful and unlawful acts of the Defendants, Plaintiff has suffered damages.

31. Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT III: FMWA RECOVERY OF UNPAID WAGES

32. Plaintiff incorporates by reference the allegations contained in paragraph 1 through 11 above as if fully set forth herein.

33. Plaintiff worked for Defendant from approximately May 2015 to March 2020.

34. Initially, Plaintiff worked for Defendant as a behavioral therapist. Around July 2016, the Plaintiff became a lead ABA therapist and towards the end of December 2017, the Plaintiff became a Program Coordinator.

35. As Program Coordinator, Plaintiff's primary duties and responsibilities included assisting with running the clinic, training staff, conducting social pragmatic groups, assisting analysts with assessments, writing behavior intervention plans, reviewing therapists' notes, and reviewing monthly data for all clients.

36. The Defendants agreed to pay the Plaintiff $48,000.00 per year, or $23.07 per hour.

37. On average, Plaintiff worked 60 hours per week, but the Defendants only compensated Plaintiff for 35 hours per week. More specifically, the Defendants automatically deducted an hour every day from Plaintiff's hours worked for a lunch break despite the fact that Plaintiff rarely took a lunch break, and, when she did, her lunch break was never a full hour.

38. During one or more workweeks, Defendants did not pay Plaintiff the statutory minimum wage for all hours worked by Plaintiff, in violation of the Florida Minimum Wage Act, §448.110, Florida Statutes ("FMWA").

39. Plaintiff was unlawfully denied minimum wages in violation of the FMWA, §448.110, Florida Statutes.

40. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT IV: BREACH OF CONTRACT

41. Plaintiffs reallege all of the matters set forth in paragraphs 1 through 11 as if fully set forth herein.

42. Plaintiff and Defendants entered into the Contract, pursuant to which Plaintiff agreed to provide services to Defendant in exchange for compensation in the amount of $23.07 per hour.

43. Defendants breached the Contract by, inter alia, failing to pay Plaintiff for all hours worked.

44. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages, including, but not limited to, the loss of money not paid to Plaintiff in exchange for her services.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for damages, together with prejudgment and post judgment interest thereon, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT V: UNJUST ENRICHMENT

45. Plaintiff incorporates by reference the allegations contained in paragraph 1 through 11 above as if fully set forth herein.

46. Plaintiff provided services to Defendants by serving as a behavioral therapis, then a lead ABA therapist, and then a Program Coordinator.

47. By serving as a behavioral therapist, ABA therapist, and Program Coordinator, Plaintiff conferred a benefit on Defendants, and Defendants had knowledge of that benefit.

48. Defendants voluntarily accepted and retained that benefit conferred on them by Plaintiff.

49. The circumstances are such that Defendants' retention of the benefit is inequitable unless the Defendants pay to Plaintiff the value of the benefit.

50. Defendants have been unjustly enriched at the expense of the Plaintiff.

51. Plaintiff is entitled to damages as a result of Defendants' unjust enrichment.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for damages, together with prejudgment and post judgment interest thereon, costs, and such other and further relief as this Court deems just and appropriate.

## Jury Trial Demand

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 23rd day of June, 2020.

By: *s/Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514

                                        The Law Office of Michelle Cohen Levy, P.A.
                                        4400 N. Federal Highway
                                        Lighthouse Point, Florida 33064
                                        P: (954) 651-9196
                                        Michelle@CohenLevyLegal.com
                                        Counsel for Plaintiff